IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Molina, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>United States of America, et al.,<br><br>　　　　Defendants. | No. CV 05-274-TUC-DCB(CRP)<br><br>**REPORT AND RECOMMENDATION** |

On April 14, 2005, Plaintiffs, Joseph and Rebecca Molina, filed a *pro se* complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, alleging medical malpractice and negligent hiring, training and supervision. (Docket 1). This case has been referred to the United States Magistrate Judge pursuant to the Rules of Practice of this Court.

The Magistrate Judge recommends that the District Court, after it's independent review, dismiss this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

<u>PROCEDURAL HISTORY</u>

Plaintiffs filed their *pro se* complaint on April 14, 2005. (Docket 1). On June 7, 2006, the Court issued an Order to Show Cause. (Docket 7). This Order gave Plaintiffs until August 8, 2006 by which to provide the Court with proof of service or to file a brief showing good cause why the action should not be dismissed. The Court then conducted a telephonic status conference with Plaintiff Joseph Molina on July 17, 2006 in order to clarify the Court's

June 7, 2006 Order. (Docket 8). Following the July 17, 2006, status conference, the Court issued an order extending the deadline to September 9, 2006, for Plaintiffs to serve Defendants, provide proof of service or file a brief showing good cause why the case should not be dismissed. (Docket 9). To date nothing has been filed by Plaintiffs.

DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." In the present case the Complaint was filed with the Court over a year ago, and to date Plaintiffs have not served summons and complaint on any of the Defendants.

Furthermore, a plaintiff has a general duty to prosecute the case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir.1978). Plaintiffs' failure to complete service of summons and complaint on the Defendants within 120 days of the filing date of complaint constitutes failure to prosecute.

The Court's warned Plaintiffs that failure to timely file proof of service or a brief demonstrating why the case should not be dismissed could result in dismissal of this action without further notice. (Docket 7, p.2). The Court also attached copies of Rule 84, Form 1 Summons, and Form 1A Notice of Law Suit and Request for Waiver of Summons of the Federal Rules of Civil Procedure to its July 21, 2006 Order. (Docket 9).

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.

. . . . . . . .

1. In determining whether Plaintiff's failure to prosecute warrants dismissal of his case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 *quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir.1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiffs' failure to serve Defendants prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court Judge dismiss this action without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Procedure for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CV 05-274-TUC-DCB.**

. . . . . . . .

1    If objections are not timely filed, then the parties' right to *de novo* review by the
2 District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114,
3 1121 (9th Cir.)(*en banc*), *cert. denied*, 540 U.S. 900 (2003).
4    The Clerk of the Court is directed to send a copy of this Report and Recommendation
5 to all parties.
6    DATED this 3rd day of October, 2006.

*[signature]*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE